IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AMIE BURROW**                                                                 **PLAINTIFF**

v.                                    **CASE NO. 4:22-CV-01114-BSM**

**DONA GORDON, MARJORIE HALL,
BERNARD WILLIAMS, and ROBERT
DEOCALES, in their individual
capacities; and WELLPATH, LLC**                                 **DEFENDANTS**

## ORDER

Defendants' motion to dismiss [Doc. No. 19] is granted. Amie Burrow's 42 United States Code section 1983 and Arkansas Code Annotated section 16-123-105 claims are dismissed with prejudice because Wellpath, LLC was not acting under color of state law when it terminated Burrow, and Burrow's wrongful termination claim based on Arkansas public policy is dismissed without prejudice for lack of jurisdiction.

## I. BACKGROUND

Burrow was fired by Wellpath, a private company that provides medical services to prison inmates. Am. Compl. ¶¶ 4-5, 23-24, Doc. No. 16; Defs' Br. Supp. Mot. Dismiss at 1, Doc. No. 20. She is suing Wellpath and several of its employees under section 1983 and section 16-23-105 for violating her right to freedom of speech. Burrow is also suing Wellpath for wrongful discharge under Arkansas public policy. In support of these claims, she alleges that she was fired for speaking out against a number of Wellpath's practices such as its failure to care for inmates who were in need and permitting licensed practical nurses to exceed the scope of their authority. Am. Compl. ¶¶ 9,12-13, 19-22, 51; Pl's Br. Supp.

Resp. Mot. Dismiss at 1, Doc. No. 24. Defendants are moving to dismiss because their employment actions are not actions taken under color of state law and because Burrow has failed to properly allege that they violated Arkansas public policy. Defs' Br. Supp. Mot. Dismiss at 2, 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

Burrow's section 1983 and section 16-123-105 claims are dismissed with prejudice because Wellpath's employment decisions are private actions that are not taken under color of state law. Burrow's wrongful termination claim based on Arkansas public policy is dismissed without prejudice for lack of jurisdiction.

    A.    <u>42 U.S.C. § 1983 and Ark. Code Ann. § 16-123-105 Claims</u>

Defendants' motion to dismiss is granted because Wellpath's decision to terminate

2

Burrow was not state action. Burrow accurately states that courts have routinely held Wellpath to be acting under color of state law in its provision of medical care to inmates, and that the contract between Wellpath and the state specifically provides that Wellpath assumes the statutorily-imposed responsibility of providing healthcare to inmates. Pl's Br. Supp. Resp. Mot. Dismiss at 6-7. Defendants, however, correctly note that Wellpath's termination of its employees is not state action. This is true because Wellpath is not performing a traditional, exclusively public function when it undertakes internal personnel actions such as terminating an employee. *See Cornish v. Correctional Services Corp.*, 402 F.3d 545, 550 (5th Cir. 2005). Further, Wellpath's decision to terminate Burrow was outside the context of its provision of medical care to prisoners. *See Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 218 (4th Cir. 1993) (state action via the private exercise of public functions is found only in "narrow circumstances"). "The employment decision remains, therefore, a private decision not fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 844 (1982) (White, J., concurring). Moreover, no government official participated in the decision to terminate Burrow. *See* Am. Compl. ¶ 47. Burrow merely alleges that the state was generally aware that Wellpath can make personnel decisions for its employees. The state's awareness that Wellpath can make personnel decisions, without more evidence of joint behavior, is not enough to transform those decisions into state action. *See Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 929 (8th Cir. 2022) (no public action where private party acts with the mere approval or acquiescence of the state).

B.    Wrongful Discharge Claim

Burrow's wrongful discharge claim based on Arkansas public policy is dismissed without prejudice because the balance of factors to be considered in whether to exercise supplemental jurisdiction–judicial economy, convenience, fairness, and comity–points towards declining to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

## IV. CONCLUSION

For these reasons, defendants' motion to dismiss is granted and Burrow's section 1983 and section 16-123-105 claims are dismissed with prejudice, and Burrow's wrongful discharge claim is dismissed without prejudice. Although defendant Bernard Williams is not a party to the motion to dismiss, the claims against him are dismissed for the same reasons.

IT IS SO ORDERED this 8th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE